# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BILLY T. RABUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1959 MLM |
| | ) | |
| ROGER DICKSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Billy Rabun (registration no. 1041070), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $26.18. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $130.92, and an average monthly balance of $21.66. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $26.18, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged unconstitutional revocation of parole. Named as defendants are Roger Dickerson (Supervisor, Missouri Board of Probation and Parole), Sonya Engelking (Parole Officer), Lisa Brown (Parole Officer), the Missouri Board of Probation and Parole, David Webster (Caseworker, Jefferson City Correctional Center), and the Missouri Department of Corrections and Human Resources. The complaint seeks monetary relief and a declaratory judgment that plaintiff's current imprisonment is unconstitutional.

Plaintiff is serving a ten-year term of imprisonment for various drug offenses. See Missouri Department of Corrections, Offender Search, at https://web.mo.gov/doc/ offSearchWeb/search.jsp. Plaintiff alleges that he was released on parole on February

16, 2007. Plaintiff claims that defendant Engelking was assigned to be his parole officer. Plaintiff believes that Engelking was prejudiced against him because he grew up in a neighborhood where gang activity is common. Plaintiff alleges that he complied with all of the requirements of his parole.

Plaintiff claims that Engelking revoked his parole and that he was arrested pursuant to a parole warrant on May 21, 2007. According to plaintiff, Engelking revoked his parole because he had been arrested for driving while his license was revoked. Plaintiff alleges that no such charge ever existed, and he therefore argues that his current incarceration is unlawful.

## Discussion

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." Id. at 487. "Heck applies to proceedings [that] call into question the fact or duration of parole." Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851, 116 S.Ct. 148, 133 L.Ed.2d 93 (1995). A plaintiff in a § 1983 suit may not

question the validity of the confinement resulting from a parole revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir.1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir.1995) (Heck bars § 1983 action challenging revocation of supervised release);c.f., Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (holding that Heck precludes § 1983 action which would impliedly invalidate a denial of parole as challenge to duration of confinement). When a state prisoner's § 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that the decision establishing the length of incarceration (here, the decision to revoke parole) has already been invalidated. Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir.1997) (claim barred by Heck may be dismissed under Rule 12(b)).

Plaintiff has not made any showing that the decision to revoke his parole has been reversed, expunged, set aside or called into question. As a result, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

Additionally, to the extent that plaintiff may be seeking release from incarceration, the complaint is not cognizable under 42 U.S.C. § 1983. Habeas corpus

relief is the sole remedy for a prisoner seeking to challenge the fact of his confinement.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $26.18 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 6th Day of December, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE